## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AMY K. DAUGHERTY, | ) |
| | ) |
| PLAINTIFF, | ) |
| vs. | )   CASE NO. 15-CV-258-FHM |
| | ) |
| CAROLYN W. COLVIN, Acting | ) |
| Commissioner of the Social Security | ) |
| Administration, | ) |
| | ) |
| DEFENDANT. | ) |

## OPINION AND ORDER

Plaintiff, Amy K. Daugherty, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1]   In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the decision is supported by substantial evidence and whether the decision contains a sufficient basis to determine that the Commissioner has applied the correct legal standards.  *See Briggs ex rel. Briggs v. Massanari,* 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater,* 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.,* 26 F.3d 1027, 1028 (10th Cir. 1994).  Substantial evidence is more than a scintilla, less than a preponderance, and

---

[1] Plaintiff's application for benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") Edmund C. Werre was held August 28, 2013. By decision dated November 14, 2013, the ALJ entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on March 2, 2015. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal.  20 C.F.R. §§ 404.981, 416.1481.

is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales,* 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 993 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## Background

Plaintiff was 46 years old on the alleged date of onset of disability and 58 years old on the date of the ALJ's denial decision. [R. 23-30]. She has a 12th grade education with a paralegal certificate. Past work experience includes work as a certified paralegal. [R. 28]. Plaintiff claims to have been unable to work since May 1, 2001 due to gout, rheumatoid arthritis, diverticulitis, gastroparesis, osteoarthritis osteopenia, depression, ulcers, a tear in left hip, and right hip replacement. [R.146].

## The ALJ's Decision

The ALJ determined that Plaintiff has severe impairments relating to suggested rheumatoid arthritis affecting the small bones of the feet. [R.20]. The ALJ determined that Plaintiff has the residual functional capacity (RFC) to perform full range of light[2] work  and

---

[2] Pursuant to CFR § 404.1567, light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

is therefore capable of performing her past relevant work as a paralegal.  [R. 21].  As an alternative finding, the ALJ adopted the testimony of the vocational expert that there are other jobs in the economy in significant numbers that Plaintiff could also perform.  He found, therefore, that Plaintiff was not disabled as defined by the Social Security Act. [R. 24-25].  The case was thus decided at step four of the evaluative sequence with an alternative finding at step five of the five-step evaluative sequence for determining whether a claimant is disabled.  *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

## Plaintiff's Allegations

Plaintiff asserts that the ALJ erred by failing to call a medical expert to establish an onset of disability date in compliance with Social Security Ruling (*SSR*) 83-20, 1983 WL 31249.

## Analysis

### Previous Application For Benefits

This case presents an unusual timing situation.  Plaintiff alleges disability beginning May 1, 2001.  A previous denial of benefits held that Plaintiff was not under a disability on or before September 12, 2011.  That prior adjudication was not re-opened.  Plaintiff's current application for disability benefits was made for the time period commencing September 13, 2011, after the previous adjudication.  However, Plaintiff remained insured only through December 1, 2004, and her application is for Title II disability benefits.  The current decision under review in this case, issued on November 14, 2013 concluded Plaintiff was not under a disability from May 1, 2001 through December 31, 2004, the date

last insured. [R. 18-19].  Yet, the ALJ stated the current application for benefits was for the period commencing September 13, 2011.  [R. 18].  Plaintiff's insured status was long expired by that date.

The parties did not address why the question of Plaintiff's disability was not foreclosed by the September 12, 2011 denial of benefits, which the ALJ stated was not re-opened, combined with the date last insured of December 31, 2004.  [R. 18].  There may be some reason unknown to the court to explain why the parties did not address this issue, but it appears from the foregoing that Plaintiff is not entitled to Title II benefits on her current application.  Since the parties did not address the issue, the court will proceed to address the issues raised in this appeal.

<u>Consideration of Dr. April's Records</u>

Plaintiff argues that the ALJ erred by failing to review and discuss medical records from her treating rheumatologist, Paul April, M.D.  According to Plaintiff, Dr. April's medical records from October 14, 2003 to January 14, 2005 establish that she had consistent complaints about pain in her feet, hands, and shoulders. [Dkt. 15, pp. 5-6].  Plaintiff contends that Dr. April's records were submitted to the ALJ on October 9, 2013 which is after the hearing but before the issuance of the denial decision on November 14, 2013.  In support of her assertion that the ALJ had Dr. April's records, Plaintiff attached counsel's letter addressed to the ALJ as an exhibit to her reply brief.  [Dkt. 21-1].  The letter indicates that counsel "uploaded the records" and the "file is now complete."  *Id.*  The letter fails to specifically identify the content of the upload and it does not appear that the record before the ALJ included those records of Dr. April.  However, Dr. April's records were submitted to the Appeals Council and are present in the record on appeal.  [R. 4, 939-982].  The

4

Appeals Council stated it considered the evidence submitted and found that the additional information did not provide a basis for changing the ALJ's decision. [R. 1-2].

The Tenth Circuit has ruled that "new evidence [submitted to the Appeals Council] becomes part of the administrative record to be considered when evaluating the [Commissioner's] decision for substantial evidence" *O'Dell v. Shalala,* 44 F.3d 855, 859 (10th Cir. 1994). Accordingly, even though the court may not reweigh the evidence or substitute its judgment for that of the Commissioner, *O'Dell* requires the court to review the new evidence to determine whether, even considering this new evidence, the ALJ's decision is supported by substantial evidence.

The court has reviewed the medical records submitted to the Appeals Council and finds that, even considering these records, the ALJ's decision is supported by substantial evidence. In this regard, the court notes that the ALJ discussed radiographic studies undertaken in October 2005, nearly a year after the date last insured. [R. 23]. The ALJ also noted the largely unremarkable body scan performed in 2008, Plaintiff's report that her back pain began in 2006, and her testimony that in December of 2004 she could lift 20-25 pounds and could walk half a mile, stand three hours, and sit two hours. *Id.* The court notes that Dr. April's records reflect some complaints of pain and medications prescribed for them, but on December 3, 2004, Plaintiff reported feeling "pretty good," [R. 954], and on February 18, 2005 she reported "feeling well," [R. 955].

Plaintiff asserts that Dr. April's medical records verify that she had limitations to her feet, hands, and shoulders, and that these limitations would prevent light and sedentary work activity. [Dkt. 15, p. 7]. Plaintiff does not, however, specify what those limitations are or what specifically in the record supports such limitations. It is Plaintiff's duty on appeal

to support arguments with references to the record and to tie relevant facts to the legal contentions. The court will not "sift through" the record to find support for the claimant's arguments. *SEC v. Thomas,* 965 F.2d 825, 827 (10th Cir. 1992), *United States v. Rodriguiez-Aguirre,* 108 F.3d 1228, 1237 n. 8 (10th Cir. 1997)(appellants have the burden of tying the relevant facts to their legal contentions and must provide specific reference to the record to carry the burden of proving error). This means that the factual support for Plaintiff's allegations of error should be contained within Plaintiff's argument. It is not sufficient to set out the content of the medical record in a statement of facts, the court cannot be expected to tie the facts to Plaintiff's argument.

Plaintiff is critical of the ALJ because he did not discuss her medical evidence dated after 2008. Plaintiff does not cite any authority requiring that such evidence be discussed in view of the December 31, 2004 date last insured. Since Plaintiff failed to develop this argument, the court declines to consider this issue further.

<u>Medical Expert</u>

Plaintiff argues that during the hearing the ALJ agreed to her request for a medical expert. [Dkt. 15, p. 4]. The ALJ did not unequivocally agree to call a medical expert. Rather, at the end of the hearing, the ALJ said that the need for a medical expert will depend on the medical records Plaintiff was going to submit. [R. 72]. Plaintiff has not shown that the content of the medical records demonstrated disability after the date last insured such that a medical expert was required to infer an onset date. The court finds no error in the ALJ's failure to call a medical expert.

6

<u>Determination of Onset of Disability Under SSR 83-20</u>

Relying upon SSR 83-20, 1983 WL 31249, Plaintiff argues that the ALJ erred by failing to call upon the services of a medical advisor to assist in inferring the onset date of disability.  [Dkt. 15, pp. 5-7].  SSR 83-20 establishes considerations for assessing the date of onset of disability for a disability of traumatic or non-traumatic origin.  Since Plaintiff has not been found to be disabled, there is no occasion to establish a date of onset applying SSR 83-20.

In any event, SSR 83-20, provides that when adequate medical records are <u>not</u> available, the ALJ may have to infer the onset date from the medical and other evidence that describe the history and symptomology of the disease process.  "The medical evidence serves as the primary element in the onset determination.  SSR 83-20, 1983 WL 31249 at *2.  Aside from the fact that the occasion to apply SSR 83-20 did not arise, medical records contemporaneous with the date last insured and preceding that date were accurately summarized and discussed by the ALJ.  These records support the ALJ's RFC finding as does Plaintiff's testimony about her abilities as of the date last insured. As a result there was no occasion for the ALJ to apply the considerations set out in SSR 83-20 concerning onset of disability.  The records concerning the relevant time frame simply do not suggest Plaintiff was disabled at the time.  Further, nothing in the records generated after the date last insured suggest that she was disabled before the expiration of her insured status and nothing in the medical record suggests she became disabled right after the expiration of her insured status such that disability might be inferred to an earlier time.

## Conclusion

The court finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts.  The court further finds there is substantial evidence in the record to support the ALJ's decision.  Accordingly, the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED.

SO ORDERED this 25th day of May, 2016.


FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE